IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Christopher T. Wilder, #303905,<br><br>Plaintiff,<br><br>v.<br><br>Ms. Stokes, *Nurse*; Ms. Whitt, *Nurse*; Ms. Jenkins, *Nurse*; Ms. Fisher, *Nurse*; Ms. Stuckes, *Nurse*; Mr. Willie Eagleton, *Warden*; and Ms. Annie Sellers, *Warden Ass.*,<br><br>Defendants. | C/A No. 0:17-239-JFA-PJG<br><br><br>**ORDER** |

On or about January 25, 2017, Christopher T. Wilder ("Plaintiff") filed this action, proceeding pro se and *in forma pauperis*, pursuant to 42 U.S.C. § 1983 against Ms. Stokes, Nurse; Ms. Whitt, Nurse; Ms. Jenkins, Nurse; Ms. Fisher, Nurse; Ms. Stuckes, Nurse; Mr. Willie Eagleton, Warden; and Ms. Annie Sellers, Warden Ass. (collectively "Defendants"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge. On February 24, 2017, the Magistrate Judge issued an order granting Plaintiff's motion for leave to proceed *in forma pauperis* and directing the Clerk of Court not to authorize service because the complaint was subject to summary dismissal. ECF No. 7.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. ECF No. 8. The Report

---

[1] The Magistrate Judge's review was conducted in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

sets forth in detail the relevant facts[2] and standards of law[3] on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff was advised of his right to object to the Report, which was entered on the docket on February 24, 2017. ECF Nos. 8–9. The Magistrate Judge gave the parties until March 10, 2017, to file objections; however, no objections were filed. Thus, this matter is ripe for the Court's review.

The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2] The Court modifies the Report to reflect that Plaintiff only alleged he received treatment for his chest pains and did not allege that he was coughing up blood at the time that he was evaluated. ECF No. 1 at 5.

[3] To the extent that the cases cited on the second page of the Report have been overruled by Supreme Court precedent or superseded by statute, they are not relied upon. *See, e.g.*, *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) and stating in 1996 Congress enacted the Prison Litigation Reform Act, "which redesignated § 1915(d) as § 1915(e) and provided that dismissal for failure to state a claim is mandatory"); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (noting that the Supreme Court held in *Neitzke v. Williams*, 490 U.S. 319 (1989), that "section 1915(d) did not authorize district courts to dismiss, sua sponte, a complaint for failure to state a claim," and "it is clear that Congress intended that the PLRA overrule that decision.").

Inasmuch as the Report cites cases reliant upon the "no set of facts" standard provided in *Conley v. Gibson*, 355 U.S. 41 (1957), which was overruled in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560–63 (2007), they are replaced with *Erickson v. Pardus*, 551 U.S. 89 (2007). *See Francis v. Giacomelli*, 588 F.3d 186, 192 n.1 (4th Cir. 2009). However, under the proper standard, the result remains unchanged. *See Erickson*, 551 U.S. at 93–94 (reiterating the liberal construction of a pro se complaint after the decision in *Twombly*).

Moreover, to the extent that the Report cites *Daniels v. Williams*, 474 U.S. 327 (1986), it is not relied upon because claims alleging an Eighth Amendment violation "are not analyzed under *Daniels* . . . but under the 'deliberate indifference' standard provided in Eighth Amendment cases" like *Whitley v. Albers*, 475 U.S. 312 (1986), and *Estelle v. Gamble*, 429 U.S. 97 (1976). *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

In his complaint, Plaintiff alleged, "I am using the F.T.C.A. [i.e. Federal Tort Claims Act ("FTCA")] to challenge the kind of negligence by detention center or federal prison employee or state including the negligent denial of medical care." ECF No. 1 at 4. However, Plaintiff is a state prisoner, he selected that he was suing "State or local officials (a § 1983 claim)," and did not allege that he filed an administrative claim with a federal agency. ECF No. 1. "The [FTCA] allows plaintiffs to seek damages *from the United States* for certain *torts committed by federal employees*." *Simmons v. Himmelreich*, 136 S. Ct. 1843, 1845 (2016) (emphasis added) (citing 28 U.S.C. §§ 1346(b), 2674). Thus, the FTCA is inapplicable to Plaintiff's case and, instead, he must satisfy the Supreme Court's two-pronged test set forth in *Farmer v. Brennan*, 511 U.S. 825 (1994), for unconstitutional conditions of confinement. *See Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016).

First, the objective prong under *Farmer* requires Plaintiff to demonstrate that the deprivation alleged was, objectively, "sufficiently serious." *Id.* (quoting *Farmer*, 511 U.S. at 834). "In medical needs cases, like the case at bar, the *Farmer* test requires plaintiffs to demonstrate officials' deliberate indifference to a 'serious' medical need that has either 'been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)).

Second, the subjective prong under *Farmer* requires Plaintiff to show that "prison officials acted with a 'sufficiently culpable state of mind.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). "In deliberate indifference to medical needs cases, *Farmer*'s subjective prong requires proof of the official's 'actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by [the official's] action or inaction.'" *Id.* at 226 (quoting Jackson v. Lightsey,

3

775 F.3d 170, 178 (4th Cir. 2014)). "However, even officials who acted with deliberate indifference may be 'free from liability if they responded reasonably to the risk.'" *Id.* (quoting *Farmer*, 511 U.S. at 844).

"Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment" and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.*

Amongst the defendants named in his complaint, Plaintiff only makes specific factual allegations against Defendant Fisher.[4] Plaintiff alleges that he began having pain on July 22, 2016, and "was taken to medical one night because [he] was having severe chest pain." ECF No. 1 at 5. He further alleges that "the problems" continued for two weeks. *Id.* "When [he] was signed up for medical [Defendant] Fisher stated [his] problem in the computer about [his] severe chest pain from [his] side to [his] chest"; however, Plaintiff alleges "nothing [was] done for the problem." *Id.* Plaintiff alleges that "[he] needed test taken so [Defendant Fisher] stated she sent the claim to the doctor at [Kirkland Correctional Institution ("KCI")] and gave [Plaintiff] some tyno [sic] Ibuprofen. The problem got worst after a course of time." *Id.* Plaintiff alleges that he "was not properly treated for [his] medical problem [as he] was giving a pack of Ibuprofen," "the paperwork [Defendant] Fisher submitted was not adequate for proper attention of the medical issue," and he

---

[4] To the extent that Plaintiff makes an allegation against Lt. Miles, he is not named as a defendant in this action, and, thus, it would be improper for the case to proceed against Lt. Miles at this time. *See* ECF No. 1 at 9 (stating "I did file a grievance but I did inform a LT that was on shift LT Miles then he wouldn't let me seek any help then he inforce dead-lock me in my cell for 8 hours I did not get medical help"). Moreover, this statement was made in response to the following instruction: "If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any." *Id.*

4

was supposed "to go on a medical evaluation to KCI for (cat scan) and did not go they refuse the serious attention of the medical reason I had stated to the medical officials at Evans Correctional Institution." *Id.* at 6.

Although Plaintiff alleges that "now [he is] coughing up blood in his mucus," he does not allege that he had this symptom when Defendant Fisher evaluated him. *Id.* at 5. Plaintiff merely alleges that he reported severe chest pains to Defendant Fisher, who evaluated Plaintiff, submitted paperwork to a doctor at another facility so a test could be conducted, and provided him with ibuprofen to ease the pain. *Id.* Plaintiff alleges in a conclusory fashion that the actions taken by Defendant Fisher were "not adequate," "negligent," or improper because they did not directly address the problem or provide it "proper attention." Plaintiff alleges it was the employees at the other facility who "refuse[d] the serious attention" that he needed and does not allege that Defendant Fisher even knew of the other facility's failure to assess him or that his condition had worsened. Thus, Plaintiff has failed to allege both prongs required under *Farmer*.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law as modified.[5]

---

[5] Furthermore, this Court finds dismissal of this action would be appropriate to the extent Plaintiff has selected to sue defendants in their official capacities only and the Supreme Court has held that "state officials, sued for monetary relief in their official capacities" are not persons under § 1983. *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (referencing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)). Defendants Eagleton and Stuckes' capacities were not specified. Moreover, this Court finds dismissal of this action would be appropriate for Plaintiff seeking monetary damages from a defendant in his or her official capacity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (quoting *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945)) ("[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.").

In addition, dismissal may be appropriate for Plaintiff's failure to exhaust administrative remedies because Plaintiff alleges he filed a grievance but did not receive the final results; however, it is unclear whether a remedy is available as Plaintiff explained, "I guess the grievance process which went to get reviewed by the WARDEN was dispose in the trash . . . ." ECF No. 1 at 8. *See Porter v. Nussle*, 534 U.S. 516, 532

Accordingly, the Court adopts the Report and Recommendation (ECF No. 8), incorporating it as modified by reference herein, and summarily dismisses Petitioner's case without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

April 25, 2017  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

(2002) (stating "PLRA's exhaustion requirement applies to all inmate suits [including] excessive force or some other wrong"); *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016) ("Courts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement. The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'").